UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MISBAH UDDIN and SHARIF UDDIN, individually and on behalf of others similarly situated,<br><br>            Plaintiffs,<br><br>- against -<br><br>INTERSTATE MANAGEMENT COMPANY, LLC d/b/a NOMO SOHO; 9 CROSBY, LLC; GERARD GUEZ; ROTEM ROSEN; ALEX SAPIR; CARRIE SHANNON MCINTYRE; ERICA HILARY HAGEMAN; and any other related entities,<br><br>            Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiffs MISBAH UDDIN and SHARIF UDDIN (the "Named Plaintiffs"), by their attorneys, Leeds Brown Law, P.C., allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203, 206 and 216(b), New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, NYLL Article 19 §§ 650 *et seq.*, and 12 New York Codes, Rules and Regulations ("NYCRR") Part 146, to recover, *inter alia*, compensation, including unpaid minimum wages and unpaid tips and gratuities owed to the Named Plaintiffs and other similarly situated persons who are presently or were formerly employed by INTERSTATE MANAGEMENT COMPANY, LLC d/b/a NOMO SOHO; 9 CROSBY, LLC; GERARD GUEZ; ROTEM ROSEN; ALEX SAPIR; CARRIE SHANNON MCINTYRE; ERICA HILARY HAGEMAN; and any other related entities, (hereinafter collectively referred to as "Defendants") at all of Defendants' hotel and banquet venues located in

1

the State of New York, including but not limited to the venues commonly known as the Nomo Soho, the Paramount, the Gregory, the Roosevelt, the London, and the Renwick.

2. Upon information and belief, beginning in approximately March 2010 and continuing through the present, Defendants have engaged in a policy and practice of unlawfully retaining service employees' tips and gratuities at all of Defendants' hotel and catering venues in the State of New York.

3. Upon information and belief, beginning in approximately March 2010 and continuing through the present, documents including bills, menus, contracts, invoices and other catering related documents contained a mandatory charge assessed in connection with the administration of a banquet and/or catered event – sometimes referred to as a Service Charge – without disclaiming that the Service Charge is not a gratuity for the staff.

4. A reasonable customer would believe that the Service Charge was in fact a gratuity for the Named Plaintiffs and similarly situated employees.

5. Defendants have engaged in a policy and practice of failing to pay the Service Charge to the Named Plaintiff and similarly situated employees and instead retained the money for their own benefit in violation of NYLL Article 6 § 196-d.

6. Moreover, upon information and belief, beginning in approximately March 2010 and continuing through the present, Defendants have engaged in a policy and practice of unlawfully compensating its service employees at an hourly rate lower than the applicable minimum wage.

7. Furthermore, upon information and belief, beginning in approximately March 2010 and continuing through the present, Defendants have engaged in a policy and practice of taking allowances from service employees' pay, without providing said employees with notice of such in

accordance with applicable law.

8. The Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, compensation, including unpaid minimum wages and unpaid tips and gratuities that they were deprived of – plus interest, attorneys' fees, and costs.

## JURISDICTION & VENUE

9. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction under the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this District because the wage violations which give rise to the Named Plaintiffs' claims occurred in this District.

## THE PARTIES

11. Plaintiff MISBAH UDDIN is an individual who currently resides in Queens County, New York.

12. Plaintiff MISBAH UDDIN was employed as a bartender and banquet worker by Defendants from approximately May 2015 through January 2016 at the company's 9 Crosby Street, New York, New York 10013 location.

13. Plaintiff SHARIF UDDIN is an individual who currently resides in Kings County, New York.

14. Plaintiff SHARIF UDDIN was employed as a bar back and banquet worker by Defendants from approximately May 2015 through February 2016 at the company's 9 Crosby

Street, New York, New York 10013 location.

15. Upon information and belief, Defendant INTERSTATE MANAGEMENT COMPANY, LLC is foreign limited liability company organized and existing under the laws of the State of Delaware, and is authorized to do business in the State of New York, with a headquarters and principal place of business located at 9 Crosby Street, New York, New York 10013 and is engaged in the hospitality industry as that term is used and defined in 12 NYCRR Part 146.

16. Upon information and belief, Defendant 9 CROSBY, LLC is foreign limited liability company organized and existing under the laws of the State of Delaware, and is authorized to do business in the State of New York, with a headquarters and principal place of business located at 9 Crosby Street, New York, New York 10013 and is engaged in the hospitality industry as that term is used and defined in 12 NYCRR Part 146.

17. Upon information and belief, GERARD GUEZ is a resident of the State of New York, with a principal place of business located at 9 Crosby Street, New York, New York 10013, and is, and at all relevant times was, an offices and/or owner of INTERSTATE MANAGEMENT COMPANY, LLC and 9 CROSBY, LLC (hereinafter collectively referred to as the "Corporate Defendants").

18. Upon information and belief, ROTEM ROSEN is a resident of the State of New York, with a principal place of business located at 9 Crosby Street, New York, New York 10013, and is, and at all relevant times was, an offices and/or owner of the Corporate Defendants.

19. Upon information and belief, ALEX SAPIR is a resident of the State of New York, with a principal place of business located at 9 Crosby Street, New York, New York 10013, and is, and at all relevant times was, an offices and/or owner of the Corporate Defendants.

20. Upon information and belief, CARRIE SHANNON MCINTYR is a resident of the State of New York, with a principal place of business located at 9 Crosby Street, New York, New York 10013, and is, and at all relevant times was, an offices and/or owner of the Corporate Defendants.

21. Upon information and belief, ERICA HILARY HAGEMAN is a resident of the State of New York, with a principal place of business located at 9 Crosby Street, New York, New York 10013, and is, and at all relevant times was, an offices and/or owner of the Corporate Defendants.

22. Defendants GERARD GUEZ, ROTEM ROSEN, ALEX SAPIR, CARRIE SHANNON MCINTYRE, and ERICA HILARY HAGEMAN are collectively referred to herein as the "Individual Defendants."

23. Upon information and belief, during all relevant times, the Corporate Defendants shared common management, were centrally controlled, and/or were owned by the same entity/entities and/or individual(s), including but not limited to, the Individual Defendants.

24. Upon information and belief, at all relevant times, the Individual Defendants had control over, and the power to change compensation and other business practices at the Corporate Defendants.

25. Upon information and belief, at all relevant times, the Individual Defendants had the power to determine employee policies at the Corporate Defendants, including, but not limited to, policies governing compensation of employees.

26. Defendants are a single and/or joint employer under the FLSA and the NYLL in that they share a common business purpose and ownership, maintain common control, oversight and direction over the operations of the work performed by the Named Plaintiffs and putative class

members, including payroll practices.

27. Upon information and belief, each Defendant has had substantial control of the Named Plaintiffs' and putative class members' working conditions and over the unlawful policies and practices alleged herein.

28. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## CLASS ALLEGATIONS

29. This action is properly maintainable as collective action pursuant to FLSA, 29 U.S.C. § 216(b), and as a class action under Rule 23 of the Federal Rules of Civil Procedure.

30. This action is brought on behalf of the Named Plaintiffs and a class consisting of similarly situated employees who performed work for Defendants as service employees, including such workers as wait staff, waiters, servers, captains, bussers, bartenders, food runners, maitre d's, bridal attendants, and in various other related customarily-tipped trades.

31. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

32. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

   1) whether Defendants assessed charges to its customers in the nature of gratuities, as those terms are defined under the NYLL and the cases and regulations interpreting same, yet improperly retained such charges;

   2) whether Defendants compensated its service employees at an hourly

rate lower than the applicable minimum wage under the FLSA and the NYLL; and,

   3) whether Defendants took allowances from service employees' pay, without providing said employees with notice of such in accordance with applicable law.

33. The claims of the Named Plaintiffs are typical of the claims of the putative class. The Named Plaintiffs and putative class members were all subject to Defendants' policies and willful practices of improperly retaining gratuities in violation of NYLL § 196-d and of paying service employees less than minimum wage and not providing notice of such to its employees in violation of applicable law.

34. The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

35. The Named Plaintiffs have retained counsel experienced in complex wage and hour class action litigation.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendants.

37. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies

**FACTS**

38. Beginning in or about March 2010, Defendants employed, in furtherance of its hotel, restaurant, and banquet business, numerous individuals including the Named Plaintiffs and putative class members, in trades including wait staff, waiters, servers, captains, bussers, bartenders, food runners, maitre d's, bridal attendants, and in various other related customarily-tipped trades ("service workers").

39. Beginning in or about March 2010 and continuing through the present, Defendants contracted with customers to cater events such as parties, birthdays, gatherings, holidays, celebrations, weddings, anniversaries, and other parties or occasions at its hotel and banquet venues including but not limited to the facilities commonly known as the Nomo Soho, the Paramount, the Gregory, the Roosevelt, the London, and the Renwick ("banquet events").

40. For these banquet events, Defendants utilized standard forms, including contracts, bills, invoices, and menus.

41. For each banquet event, Defendants employed a staff of numerous service workers to perform food and service related tasks.

42. Many of these service workers would perform services under the same contracts at the same banquet events to the same guests.

43. Defendants included a service charge in the amount of approximately 23% on the contract for catered events.

44. Defendants provided customers with other documents – such as menus, bills, and invoices – that conveyed a "service charge" or other mandatory charges for administration of banquet events.

45. Defendants failed to disclaim that the Service Charge was not a gratuity for the staff.

46. Defendants utilized the same standard forms for numerous banquet events that contained a mandatory Service Charge on it – without disclaimer.

47. Upon information and belief, reasonable patrons would have understood the Service Charge to be in the nature of a gratuity.

48. Upon information and belief, Defendants' sales staff and/or event staff represented

or allowed Defendants' patrons to believe that the Service Charge was a gratuity.

49. While employed by Defendants, the Named Plaintiffs, and, upon information and belief, other members of the putative class, were paid an hourly wage in check, typically at a rate of between $5.27 and $5.47 per hour.

50. The checks the Named Plaintiffs received typically failed to show allowances – including any tip credit – taken against their earnings by Defendants.

51. Additionally, the checks the Named Plaintiffs, and upon information and belief, other members of the putative class received failed to indicate that any portion of the Service Charge collected by Defendants was being remitted to them.

52. The Named Plaintiffs, and upon information and belief, other members of the putative class, did not receive their portions of the Service Charge.

53. Upon information and belief, Defendants retained the Service Charge for themselves.

54. Furthermore, upon their hiring in May 2015 or at any time thereafter, Defendants failed to provide the Named Plaintiffs with written notice of their pay rate, their pay day, the frequency of their pay day, or that they were entitled to extra pay if their tips were insufficient to bring them up to the basic minimum hourly rate.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: WRONGFULLY WITHHELD NEW YORK TIPS & GRATUITIES

55. The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

56. Defendants are "employers," within the meaning contemplated pursuant to NYLL Article 6 § 190(3), NYLL Article 19 § 651(6), and cases interpreting same.

57. The Named Plaintiffs and members of the putative class are each an "employee," within the meaning contemplated pursuant to NYLL Article 6 § 190(2), NYLL Article 19 § 651(5), 12 NYCRR § 142-3.2, and cases interpreting same.

58. The provisions of NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations, including 12 NYCRR Part 146, apply to Defendants and protect the Named Plaintiffs and members of the putative class.

59. Pursuant to NYLL Article 6 § 196-d, and the supporting New York State Department of Labor Regulations, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

60. Upon information and belief, the Individual Defendants exercised dominion and control over the employees that performed work for the Corporate Defendants, including employees that worked banquet events.

61. Tips and gratuities provided by Defendants' patrons to service employees constitute "wages" as that term is defined under NYLL Article 6 §§ 193, 196-d and 198(3).

62. Defendants unlawfully withheld and retained portions of gratuities provided to service employees.

63. Defendants unlawfully withheld and retained Service Charges.

64. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of applicable New York State law by failing to maintain proper and complete records of service charges in the nature of gratuities, as required under 12 NYCRR § 146-2.

65. By the foregoing reasons, Defendants have violated NYLL Article 6 § 196-d, implicating NYLL Article 6 § 198, and are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY NEW YORK MINIMUM WAGE

66. The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

67. Pursuant to NYLL Article 19 § 652 "[e]very employer shall pay to each of its employees for each hour worked a wage of not less than: $7.15 on and after January 1, 2007, $8.00 on and after December 31, 2013, $8.75 on and after December 31, 2014, $9.00 on and after December 31, 2015…."

68. Pursuant to 12 NYCRR § 146-1.2, "(a) [t]he basic minimum hourly rate … shall be: (1) $7.25 per hour on and after January 1, 2011; (2) $8.00 per hour on and after December 31, 2013; (3) $8.75 per hour on and after December 31, 2014; (4) $9.00 per hour on and after December 31, 2015."

69. Pursuant to 12 NYCRR § 146-1.3, employers may take a credit against the minimum wage when paying food service workers such as the Named Plaintiffs and members of the putative class, but only if the "worker receives enough tips and if the employee has been notified of the tip credit as required under 12 NYCRR § 146-2.2, which requires that "[p]rior to the start of employment, an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday. The notice shall also state that extra pay

11

is required if tips are insufficient to bring the employee up to the basic minimum hourly rate…"

70. Here, Defendants were not entitled to take a tip credit against the minimum wage when paying food service workers such as the Named Plaintiffs and other members of the putative class because they did not comply with the requirements necessary to do so under 12 NYCRR § 146-2.2 (*see infra* Fourth Cause of Action).

71. Nevertheless, the Named Plaintiffs, and upon information and belief, other members of the putative class were typically compensated at a rate of between $5.27 and $5.47 per hour, well below the applicable minimum wage, and even below the tip credit rate.

72. NYLL Article 19 § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

73. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.2 and NYLL Article 19 § 652, implicating NYLL Article 6 § 198 and NYLL Article 19 § 663, and are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS:**
**FAILURE TO PROVIDE NEW YORK WAGE STATEMENT**

74. The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

75. Pursuant to 12 NYCRR § 146-2.3, "[e]very employer shall provide to each employee a statement, commonly referred to as a pay stub, with very payment of wages. The pay stub must list hours worked, rates paid, gross wages, credits claimed (for tips, meals and lodging)

if any, deductions and net wages"

76. Pursuant to NYLL Article 6 § 195(3), "every employer shall: furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

77. Here, the Named Plaintiffs and, upon information and belief, other members of the putative class, did not receive a statement with every payment of wages listing all required information, including the any credits claimed against the minimum wage.

78. NYLL Article 6 § 198(1-d) provides that "[i]f any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of one hundred dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

79. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-2.3 and NYLL Article 6 § 195(3), implicating NYLL Article 6 § 198(1-d), and are liable to the Named

Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: <u>NEW YORK WAGE THEFT PREVENTION ACT</u>

80. The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

81. Pursuant to 12 NYCRR § 146-2.2, "[p]rior to the start of employment, an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday. The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate…"

82. Pursuant to NYLL Article 6 § 195(1)(a), "every employer shall: provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt

of this notice…. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

83. Here, the Named Plaintiffs and, upon information and belief, other members of the putative class, did not receive a notice in writing at hiring – or at any time thereafter – listing all required information, including their pay rate, their pay day, the frequency of their pay day, or that they were entitled to extra pay if their tips were insufficient to bring them up to the basic minimum hourly rate.

84. NYLL Article 6 § 198(1-b) provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

85. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-2.2 and NYLL Article 6 § 195(1)(a), implicating NYLL Article 6 § 198(1-b), and are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**FIFTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**FAILURE TO PAY FEDERAL MINIMUM WAGE**

86. The Named Plaintiffs repeat and re-allege the allegations set forth in the preceding

paragraphs.

87. Pursuant to FLSA, 29 U.S.C. § 206 (1)(C), the applicable federal minimum wage is, and has been during the relevant period, $7.25 per hour.

88. Employers are entitled to take a tip credit against the federal minimum wage under Section 3(m) of the FLSA, but in order to do so must ensure that certain conditions have been met, including that the employer must inform the employee of the tip credit provision of the FLSA.

89. Here, the Named Plaintiffs, and upon information and belief, other members of the putative class, were not informed by Defendants of the tip credit provision of the FLSA.

90. Accordingly, Defendants did not meet the requirements to entitle them to take a tip credit against their employees' wages.

91. Therefore, because the Named Plaintiffs, and upon information and belief, other members of the putative class, received a hourly rate of less than $7.25 per hour, Defendants have violated the FLSA and are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiffs, individually and on behalf of others similarly situated, seek the following relief:

(1) on the first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited NYLL and regulatory provisions;

(2) on the second cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited NYLL and regulatory provisions;

(3) on the third cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited NYLL and regulatory provisions;

(4) on the fourth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited NYLL and regulatory provisions;

(5) on the fifth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited NYLL and regulatory provisions;

(6) on the fifth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited FLSA provisions; and

(7) together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York
March 23, 2016

LEEDS BROWN LAW, P.C.

_____
Brett R. Cohen
Jeffrey K. Brown
Michael A. Tompkins
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for the Named Plaintiffs &
    the Putative Class & Collective*

## CONSENT TO JOIN COLLECTIVE ACTION TO RECOVER UNPAID WAGES

BY SIGNING BELOW I, __MD MISBAH UDDIN__, WISH TO PARTICIPATE IN THIS LAWSUIT TO RECOVER ANY UNPAID WAGES THAT MAY BE OWED TO ME UNDER THE FAIR LABOR STANDARDS ACT AGAINST __INTERSTATE__ AND ANY AFFILIATED ENTITIES AND OWNERS OF THIS COMPANY.

I hereby appoint Jeffrey Brown of the law firm Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, NY , 11514-1851, telephone (516) 873-9550.

Name (print) : MD MISBAH UDDIN
Address     : [redacted]
City        : [redacted]   State : NY   Zip Code: [redacted]
Signature   : Misbah   Date: 03/16/16

# CONSENT TO JOIN COLLECTIVE ACTION TO RECOVER UNPAID WAGES

BY SIGNING BELOW I, _Sharif uddin_, WISH TO PARTICIPATE IN THIS LAWSUIT TO RECOVER ANY UNPAID WAGES THAT MAY BE OWED TO ME UNDER THE FAIR LABOR STANDARDS ACT AGAINST _Nomo Soho Hotel interstate LLC_ AND ANY AFFILIATED ENTITIES AND OWNERS OF THIS COMPANY.

I hereby appoint Jeffrey Brown of the law firm Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, NY, 11514-1851, telephone (516) 873-9550.

Name (print) : SHARIF UDDIN
Address : [redacted]
City : [redacted]   State : NY   Zip Code: [redacted]
Signature : _Sharif_   Date: 03/18/2016