UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10.3.17
```

Misbah Uddin, et al.,

        Plaintiffs,

–v–

Interstate Management Company, LLC,

        Defendants.

16-CV-2149 (AJN)

MEMORANDUM AND ORDER

ALISON J. NATHAN, District Judge:

    On March 23, 2016, Plaintiffs Misbah Uddin and Sharif Uddin, individually and on behalf of others similarly situated, filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the New York Labor Law ("NYLL"), Art. 6 § 190 *et seq.*, and the New York Codes, Rules and Regulations ("NYCRR"), Art. 12 § 146-2.3. *See* Dkt. No. 1 ("Complaint"). The parties stipulated to certification of the FLSA collective action with respect to similarly situated employees at the NoMo SoHo Hotel where Plaintiffs worked, Dkt. Nos. 27, 29, and nine individuals ultimately opted in (bringing the total number of plaintiffs to eleven), *see* Dkt. Nos. 18, 30, 31. On February 17, 2017, the parties informed the Court that they had reached a settlement. *See* Dkt. No. 34. On April 17, 2017, the parties submitted a fully executed settlement agreement for the Court's approval, along with a joint letter explaining their views on the fairness of the settlement. *See* Dkt. No. 39 ("Joint Letter"); Dkt. No. 39-1 ("Settlement Agreement"). The settlement agreement provides Plaintiffs with a total amount of $78,468, Joint Letter at 3; Settlement Agreement at 2, and counsel would receive $40,000 in attorney's fees and

1

costs, Joint Letter at 3, 14-15; Settlement Agreement at 2. For the following reasons, the Court approves the settlement, fee request, and cost reimbursement request in full.

## I. LEGAL STANDARD

In order to serve the FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). As a result of this requirement, the Plaintiff's claims in this case cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (quoting *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86 (JS) (MLO), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)).

## II. DISCUSSION

In the joint letter, the parties persuasively argue that the settlement is fair and reasonable, as both a substantive and procedural matter. To explain the settlement amount, the parties provide calculations of each Plaintiff's maximum recovery under Claims II, IV, and V of the Complaint, *see* Joint Letter at 4-6, and notes that each Plaintiff is receiving 100% of this amount under the settlement agreement, *id.* at 7-8. The parties state that the Plaintiffs will receive a flat payment of $500 related to Claims I and III of the Complaint.[1] *Id.* at 9. To justify this $500

---

[1] The parties note that two of the Plaintiffs will not receive the additional $500 payment. One Plaintiff will not receive the payment because he is only entitled to $300 in total and thus an additional $500 would be "disproportionate to his settlement." Joint Letter at 4 n.4. Another Plaintiff will not receive the $500 because he joined the settlement class late and only because Interstate consented to his addition to the class, as well as because

2

payment, the parties explain that the additional recovery under Claim I would likely be small for four of the Plaintiffs and nothing for the other Plaintiffs, *id.* at 8-9, and that Plaintiffs accept a lower amount in recognition of the risks posed by litigation, particularly in light of the defenses that a factfinder could credit, thereby limiting or foreclosing any recovery, if the parties proceeded to trial, *id.* at 9-11. The parties also represent that they would have faced substantially burdensome discovery absent settlement. *Id.* at 11-12. Procedurally, the parties engaged in settlement negotiations from December 2016 through April 2017, and they affirm that the total settlement amount resulted from arm's-length negotiations between experienced employment litigators. *Id.* at 12. The Court thus approves the settlement amount.

The Court also approves counsel's request for attorneys' fees and costs. The Court agrees with other judges in this district that, when assessing the reasonableness of an attorney's fee on the basis of its percentage of the settlement, it is fairer to look to the percentage of the settlement net costs. *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-CV-6667 (PAE), 2015 WL 5122530, at *1 & n.1 (S.D.N.Y. Aug. 31, 2015). Here, the total settlement is $116,825.55 net the $1642.45 in costs, and $38,357.55 represents 32.8% of the net settlement. *See* Joint Letter at 3, 14. Courts routinely award 1/3 of a settlement fund as a reasonable fee in FLSA cases. *See Zhang*, 2015 WL 5122530, at *4 (collecting cases). Additionally, the lodestar in this case is (not including costs and disbursements), $50,011.25. *See* Joint Letter at 14-15; Dkt. No. 39-3. This calculation reflects a billing rate of $405/hr for attorney Michael A. Tompkins, $335/hr for attorney Brett R. Cohen, and $125/hr for paralegal Brittany Cangelosi. Joint Letter at 14-15. The requested attorney's fees thus equate to a multiplier of 0.74 of the lodestar amount. The Court thus approves the fee and costs requests.

---

his back pay amount was fairly low. *Id.* A third Plaintiff will receive $1000 instead of $500 due to his number of overtime hours. *Id.*

3

## III.   CONCLUSION

In sum, the Court approves the settlement and the request for fees and costs in full. The Clerk of the Court is ordered to close the case.

SO ORDERED.

Dated: October ___, 2017
       New York, New York

_____
ALISON J. NATHAN
United States District Judge